J-S38039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE TROUTMAN | |
| Appellant | No. 3477 EDA 2015 |

Appeal from the PCRA Order October 23, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003674-2011

BEFORE: FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Appellant James Lee Troutman appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On March 19, 2012, [Appellant] entered into a negotiated guilty plea to the charges of first degree murder, involuntary deviate sexual intercourse with a child, kidnapping and abuse of a corpse for heinously raping, murdering and disposing of the young victim, 9 year-old [S.K.] on May 9, 2011. [Appellant] also agreed to be sentenced to a life term of imprisonment without the possibility of parole, followed by a 10 to 20 year term of

---

[1] 42 Pa.C.S. § 9541-9546.

imprisonment, in exchange for the Commonwealth's withdrawal of its intent to seek the death penalty.

This negotiated guilty plea followed an extensive oral colloquy, in addition to two written plea colloquies, which were reviewed by [Appellant] with his attorney and signed by him. Pertinent to this appeal are the portions of the oral and written colloquies that addressed his previous mental health issues and hospitalizations. During the oral colloquy, the then 25 year-old [Appellant] affirmed that in the past he had received mental health treatment at various facilities, although he denied being under the care of a psychiatrist or taking medication for any mental health issue at the time of the guilty plea. (Negotiated Guilty Plea 3/19/12 p. 6, 9). The District Attorney also questioned [Appellant] during the oral colloquy and verified that he had been in and out of several facilities in regard to his mental health and that his last mental health treatment occurred in 2005, when he was 17 years old and that from the time he was 18 until the time of the colloquy he had not undergone mental health treatment *Id*. at 24-25. Also important is his acknowledgement in his written colloquy that he has a history of mental illness. *See*, Exhibit "D-2", Guilty Plea Colloquy, p. 1. [Appellant] did not file a direct appeal with the Pennsylvania Superior Court.

On September 21, 2012, [Appellant] filed a timely *pro se* PCRA petition. PCRA counsel was appointed to assist [Appellant] with his petition. After a conscientious review of the record, PCRA counsel determined all issues lacked merit and submitted a no-merit letter dated November 9, 2012, [and also sought] to withdraw. [Appellant] filed an opposition to counsel's request on November 23, 2012. On December 6, 2012, pre-dismissal notice was issued in accordance with Pa.R.Crim.P. 907. [Appellant] did respond by filing a motion for leave to amend PCRA petition under Pa.R.Crim.P. 905. Prior to ruling on his request to amend, on January 22, 2013, [Appellant] filed an amended PCRA petition, alleging in part that trial counsel was ineffective in failing to pursue an insanity defense rather than advising him to plead guilty. On January 23, 2013, [the PCRA c]ourt denied [Appellant's] request to amend and on January 24, 2013, [the PCRA c]ourt dismissed his improperly filed

amended PCRA petition. Finally, on January 25, 2013, [the PCRA c]ourt issued a final order of dismissal, dismissing his PCRA petition without a hearing. [Appellant] appealed from the orders dated January 24, 2013 and January 25, 2013 to the Pennsylvania Superior Court. On February 25, 2014, the Superior Court affirmed both orders.

On September 10, 2015, [Appellant] filed his untimely second PCRA petition, which is at issue in this appeal. Therein, he alleged that trial counsel was ineffective in failing to pursue an organic brain disease defense rather than have him plead guilty.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed January 8, 2016, at 2-4.

On September 16, 2015, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. On October 26, 2015, the PCRA court dismissed Appellant's petition. On November 18, 2015, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied.

Appellant presents the following issues for our review:

1. DID THE PCRA COURT COMMIT LEGAL ERROR AND /OR ABUSE ITS DISCRETION BY FAILING TO DETERMINE WHETHER THE MENTAL HEALTH RECORDS WERE NEWLY DISCOVERED FACTS THAT DEMONSTRATE [APPELLANT] SUFFERS FROM AN ORGANIC BRAIN DISEASE THAT IMPAIRS HIS MENTAL CAPACITY TO THE DEGREE THAT NO REASONABLE TRIER OF FACT COULD FIND THE DELIBERATE INTENT NECESSARY TO CONVICT HIM ON THE MURDER CHARGE FOR WHICH HE [PLED] GUILTY BEFORE DISMISSING THE PCRA PETITION WITHOUT HOLDING A[N] EVIDENTIARY HEARING[?]

2. WHETHER PLEA COUNSEL PROVIDED INEFFECTIVE ASSISTANCE UNDER THE SIXTH AND FOURTEENTH

AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES BY PERSUADING [APPELLANT] TO PLEAD GUILTY RATHER THAN PURSUING AN ORGANIC BRAIN DISEASE DEFENSE[?]

3. WHETHER PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE PLEA COUNSEL'S DEFICIENT PERFORMANCE IN PERSUADING PETITIONER TO PLEAD GUILTY RATHER THAN PURSUING AN ORGANIC BRAIN DISEASE DEFENSE[?]

Appellant's Brief at 4.

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant was sentenced on March 19, 2012. Because he did not file a direct appeal, his judgment of sentence became final on April 18, 2012, when his time to appeal to this Court expired. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, he had until April 18, 2013 to file a timely PCRA

petition. He filed the present *pro se* PCRA petition on September 9, 2015. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant attempts to invoke the § 9545(b)(1)(ii) exception to the PCRA time-bar by claiming that he just discovered his medical records when his mother gave them to him on August 17, 2015. He alleges he brought his claim within 60 days of the date his mother gave him the records, and thus we should consider it as a newly discovered fact exception to the PCRA time-bar. We disagree.

To establish the newly-discovered fact exception to the PCRA time-bar, the petitioner must allege and prove that

> there were *facts* that were unknown to him and that he could not have ascertained those *facts* by the exercise of due diligence. The focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa.2008) (internal quotations and citations omitted) (emphasis in original).

Appellant likely knew about the existence of his medical records, and if he did not, they could have been ascertained by the exercise of due diligence. His medical records indicate that he had a mental health condition. Appellant, however, was aware of his mental illness when he was sentenced for his crimes. Both in his written guilty plea colloquy and at his

oral guilty plea colloquy on March 19, 2012, Appellant indicated that he had been committed to mental institutions and mental treatment facilities for the treatment of various issues. *See* N.T. 3/19/2012, at 6. His medical records are only additional sources for previously known facts. Thus, Appellant fails to invoke the § 9545(b)(1)(ii) exception to the PCRA time-bar.

The PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016